## LEVY v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.   May 7, 1909.)

CARRIERS (§ 318*)—INJURY TO PASSENGER—EVIDENCE.

Where, in an action against a street railroad for personal injuries, the case hinged on the question whether or not defendant's car was at a standstill when plaintiff endeavored to board it, the jury might believe defendant's witnesses, who showed that the car was moving rapidly at the time, and that he was guilty of contributory negligence, though there was some difference of opinion among them as to the exact rate of speed.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 318.*]

Appeal from City Court of New York, Trial Term.

Action by Morris Levy against the New York City Railway Company. From an order setting aside a verdict for defendant, and granting a new trial, defendant appeals. Reversed, and verdict reinstated.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

James L. Quackenbush (John Montgomery, of counsel), for appellant.

PER CURIAM. The action is for personal injuries, and as the court charged the jury, without any exception on the part of either party, the case hinged upon a mere question of fact, viz.: Was or was not the car at a standstill when plaintiff attempted to board it? The jury found for defendant. The court set aside the verdict, and defendant appeals.

The jury had a right to believe those witnesses for the defendant who showed that the car was moving rapidly when plaintiff tried to get onto it, and that plaintiff was guilty of contributory negligence. The mere fact that there was some difference of opinion among defendant's witnesses as to the exact rate of speed does not render defendant's evidence unworthy of belief.

The order should be reversed, and the verdict reinstated, with costs.